UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAYTEISHA HERNANDEZ | : | CIVIL ACTION NO.: |
|     Plaintiff, | : | |
| | : | |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| SAYBROOK BUICK GMC, INC. | : | APRIL 1, 2020 |
|     Defendants | : | |

## **COMPLAINT**

### I.    INTRODUCTION

1. This is a suit brought by a consumer against an automobile dealership for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.,* Credit Repair Organization Act ("CROA"), 15 U.S.C. § 1679 *et seq.*, the Connecticut Retail Installment Sales Financing Act ("RISFA"), Conn. Gen. Stat. § 36a-770 *et seq.*, the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-11a *et seq.*, and for civil forgery.

### II.    PARTIES

2. Plaintiff Rayteisha Hernandez ("Plaintiff") is an individual residing in Hartford, Connecticut.

3. Defendant Saybrook Buick GMC, Inc. ("Saybrook Buick") is a Connecticut corporation that operates a motor vehicle dealership in Old Saybrook, Connecticut.

1

### III. JURISDICTION

4. Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e), 15 U.S.C. 1691e(f) and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has jurisdiction over both Saybrook Buick because it is organized under the laws of the state of Connecticut, and it regularly conducts business in the state.

6. Venue in this Court is proper, because the Plaintiff resides in Connecticut and the transaction occurred in this state.

### IV. FACTUAL ALLEGATIONS

7. On or about October 24, 2019, Plaintiff purchased a new 2019 Buick Encore from Saybrook Buick for a total cash price delivered of $34,880.25.

8. Saybrook Buick steered plaintiff to the Vehicle and told her that it was the only vehicle she could be approved to purchase.

9. This was a false and deceptive statement, because Saybrook Buick had other vehicles that were priced lower than the Vehicle for which Plaintiff could also have been approved to purchase, and it limited Plaintiff to this Vehicle because it believed that it would be more profitable for it to sell Plaintiff the Vehicle than other available options.

10. Saybrook Buick prepared a Retail Installment Contract (the "Contract") for the sale that listed Santander as the assignee.

11. On information and belief, Saybrook Buick had obtained prior approval from Santander to accept assignment of the Contract by submitting fraudulent information regarding the Plaintiff's creditworthiness.

12. Saybrook Buick also submitted fraudulent information to Santander regarding its agreement with Plaintiff, which fraudulently listed a cash down payment of $4,000, even though Plaintiff did not pay any money down for the Vehicle.

13. Saybrook Buick added this false down payment for purposes of persuading Santander to accept assignment of the Contract.

14. As a consequence of the inclusion of the false down payment, the sales tax calculation was predicated upon a stated cash price that was improperly inflated by $4,000, resulting in an increased sales tax of $254. This increased sales tax would not have been charged to Plaintiff in a cash transaction.

15. The Contract also stated that there was a 2002 BMW 318 that Plaintiff had traded-in for an allowance of $500, even though Plaintiff did not own such a vehicle and did not trade in any vehicle towards the purchase.

16. Saybrook Buick added this false trade-in for purposes of persuading Santander to accept assignment of the Contract.

17. The Contract also included a "trade-in" fee of $100, which is a state of Connecticut charge imposed on the sale of motor vehicles in which a vehicle is traded-

in to the dealership. This trade-in fee would not have been incurred in a cash transaction for the Vehicle, because the fee would not have been incurred if Saybrook Buick had not listed a false trade-in for purposes of obtaining approval of the financing application by Santander.

18. The Contract included a charge of $3,350 for a service contract that Plaintiff neither requested nor desired.

19. The Contract provided for a total amount financed of $30,880.25, and provided for 72 monthly payments of $656.99.

20. Plaintiff protested that she could not afford the monthly payment. In response, Saybrook Buick told her that the payment included insurance coverage for six months.

21. This was a false and fraudulent statement, and Saybrook Buick knew the statement was false, because it had separately arranged the purchase of the insurance for only seven days of coverage, with an expiration date of October 31, 2019.

22. Saybrook Buick had altered the insurance card to list an expiration date of March 31 2020 in order to deceive Plaintiff into believing that she had coverage for a longer period.

23. Based on Saybrook Buick's representations that the monthly payment included insurance, Plaintiff agreed to purchase the Vehicle.

24. Plaintiff learned about the lapsed insurance and fake insurance card when she attempted to make a claim against the policy in December, 2019.

25. The insurance carrier told Plaintiff the insurance coverage had expired and it provided her with a copy of the insurance card showing an expiration date of October 31, 2019.

26. As a result of the material misrepresentations regarding the monthly payment and inclusion of insurance, the issuance of an altered insurance card, and the inclusion of a fake down payment and trade-in on the Contract, Plaintiff elected to revoke the transaction or, alternatively, to rescind the transaction, and she returned the Vehicle to Saybrook Buick on February 3, 2020 and made demand for a return of the payments that she made under the Contract.

27. Saybrook Buick has failed to return the amounts paid to Plaintiff.

### V. CAUSES OF ACTION

#### a. COUNT ONE: TRUTH IN LENDING ACT

28. Saybrook Buick engaged in more than 25 installment sales in the calendar preceding the sale to Plaintiff, and it is a creditor within the meaning of TILA.

29. Saybrook Buick violated TILA by listing a false down payment and fake trade-in on the Contract and not accurately itemizing the amount financed.

30. The increased sales tax of $254 that is attributable to the false down payment and the $100 trade-in fee would not have been charged in a comparable cash transaction, and it should have been disclosed as a finance charge instead of included as part of the amount financed.

31. Saybrook Buick is liable to Plaintiff for statutory damages of $2,000 plus attorney's fees and costs.

    **b.    COUNT TWO: CREDIT REPAIR ORGANIZATIONS ACT**

32. By providing false information to Santander relating to Plaintiff's creditworthiness and by including the false down payment and the false trade-in, Saybrook Buick violated 15 U.S.C. § 1679b(a)(1), which prohibits any person from making any statement that is untrue or misleading with respect to any consumer's credit worthiness, credit standing, or credit capacity to any person to whom the consumer has applied or is applying for an extension of credit.

33. Saybrook Buick is liable to Plaintiff for damages, punitive damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1679g.

    **c.    COUNT THREE: RETAIL INSTALLMENT SALES FINANCING ACT**

34. By inaccurately listing the amount paid for a down payment and the false trade-in allowance, Saybrook Buick violated RISFA, Conn. Gen. Stat. § 36a-771(a), which requires that all essential provisions of the contract be included in the retail installment contract.

35. Through its violations of TILA, as pled above, Saybrook Buick further violated RISFA, which incorporates the requirements of TILA by operation of Conn. Gen. Stat. § 36a-771(b).

36. Plaintiff has restored Saybrook Buick to its position prior to the making of the contract as nearly as possible, and she is entitled to an order rescinding the Contract.

### d. COUNT FOUR: REVOCATION OF ACCEPTANCE DUE TO FRAUD OR MATERIAL MISREPRESENTATION

37. Saybrook Buick made false statements or material misrepresentations regarding the amount of the monthly payment and regarding the inclusion of insurance in the monthly payment, and its alteration of the insurance card to reflect coverage for a longer period of time.  This conduct and representations constitute material misrepresentations or fraud within the meaning of Conn. Gen. Stat. § 42a-2-721.

38. Plaintiff is entitled to an order that she validly and effectively revoked acceptance of the Vehicle pursuant to Conn. Gen. Stat. § 42a-2-608 and § 42a-2-721.

### e. COUNT FIVE: CIVIL FORGERY

39. Saybrook Buick altered the insurance card and forged the signature on the card.

40. Saybrook Buick is liable to Plaintiff for double damages plus common law punitive damages pursuant to Conn. Gen. Stat. § 52-565.

### f. COUNT SIX: CONNECTICUT UNFAIR TRADE PRACTICES ACT

41. Saybrook Buick has engaged in unfair acts and practices in trade or commerce in violation of Conn. Gen. Stat. § 42-110a *et seq.* in connection with the transaction as described above and as follows:

   a. Its violation of TILA, CROA and RISFA;

   b. It listed a false down payment on the Contract;

   c. It listed a trade-in vehicle on the Contract even though Plaintiff did not trade in a vehicle;

   d. It charged Plaintiff for a service contract that was neither requested nor desired; and

   e. It altered and forged an insurance card.

42. Saybrook Buick's conduct, as aforedescribed, was deceptive and unfair and in violation of CUTPA, and it has caused Plaintiff to suffer ascertainable losses and damages in that she lost use of the vehicle, she drove for a significant period unaware that she was uninsured, she was compelled to surrender the Vehicle because of her inability to pay for repairs or to afford the cost of the Vehicle and insurance, she was unable for a significant period to acquire another vehicle and did not have transportation, she incurred increased liability to Santander for which she was required to retain counsel to address, she incurred additional sales taxes and paid finance charges on the increased sales tax; and she paid for a service contract that she did not request or desire.

43. Saybrook Buick is liable to Plaintiff for her actual damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

44. Plaintiff also seeks a rescission of the contracts as an equitable remedy under CUTPA as an alternative claim to revocation of acceptance of the Vehicle.

WHEREFORE, the Plaintiff claims actual damages, double damages, statutory damages of $2,000, punitive damages, an order stating Plaintiff validly revoked acceptance of the Vehicle, or in the alternative, a cancellation of the Contract; attorney's fees and costs pursuant to TILA, CUTPA and CROA; and such other relief as may apply at law or equity.

                                              PLAINTIFF, RAYTEISHA HERNANDEZ

                                              By: /s/ Daniel S. Blinn
                                                  Daniel S. Blinn (ct02188)
                                                  dblinn@consumerlawgroup.com
                                                  Consumer Law Group, LLC
                                                  35 Cold Spring Rd. Suite 512
                                                  Rocky Hill, CT  06067
                                                  Tel. (860) 571-0408
                                                  Fax (860) 571-7457