UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAYTEISHA HERNANDEZ,
    *Plaintiff*,

v.

SAYBROOK BUICK GMC, INC.,
    *Defendant.*

No. 3:20-cv-00438 (VAB)

**RULING AND ORDER ON MOTION FOR ATTORNEYS' FEES**

On December 4, 2020, the Court granted in part and denied in part Rayteisha Hernandez ("Plaintiff")'s motion for default judgment, specifically granting default judgment against Saybrook Buick GMC on Ms. Hernandez's Truth in Lending Act ("TILA"), Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut Retail Installment Sales Financing Act ("RIFSA"), and civil forgery claims. *See* Order, ECF No. 14 (Dec. 14, 2020). A reasonable award of attorneys' fees to the prevailing party is authorized under the CUTPA and TILA. *See* Conn. Gen. Stat. § 42-110g(d) ("[I]n any action brought by a person under this section, the Court may award, to the Claimant, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery."); 15 U.S.C. § 1640(a)(3) (noting an award of attorneys' fees is recoverable in "any successful action").

In awarding attorneys' fees, the Second Circuit applies the presumptively-reasonable-fee standard; that is, multiplying the hours reasonably expended by a reasonable hourly rate. *McDaniel v. Cty. of Schnectady*, 595 F.3d 411, 417 n.2 (2d Cir. 2010). To do so, a district court "engage[s] in a four-step process: (1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award." *Silver v. Law Offices Howard*

*Lee Schiff, P.C.*, No. 3:09-cv-912 (PCD), 2010 WL 5140851, at *1 (D. Conn. Dec. 16, 2010). A district court must also consider the factors outlined in *Johnson v. Georgia Highway Express, Incorporated*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty of Albany*, 522 F.3d 184, 186 n.3, 193-94 (2d Cir. 2008) (reciting the twelve *Johnson* factors, including, inter alia, "the time and labor required" and "whether the fee is fixed or contingent").

Upon review of the unopposed motion, memorandum in support, declaration and attached documentation provided by Plaintiff, *see* ECF Nos. 15, 15-1 ("Mem."), 15-2, 15-3, 15-4 ("Pre-Bill Worksheet"), and after considering the necessary factors, the Court finds that the hourly rates for attorneys and staff, and the number of hours expended, are reasonable given the attorneys' expertise, the fact that the fee was taken on a contingency basis, and the posture of the case. *See* Mem. The Court, however, will not award fees for the work performed by a legal assistant, as "clerical services such as making telephone calls, proofreading, and preparing documents are not compensable." *Franco v. A Better Way Wholesale Autos, Inc.*, No. 3:14-cv-00422 (VLB), 2016 WL 3064051, at *2 (D. Conn. May 31, 2006) (citing *Kottwitz v. Colvin*, 114 F. Supp. 3d 145, 148 (S.D.N.Y. 2015)); *see Durso v. Colvin*, No. 3:14-cv-67 (WWE) (JGM), 2015 WL 5684039, at *3 (D. Conn. Sept. 28, 2015) (quoting *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed under fee shifting statutes regardless of who performs them.")). The tasks performed by the legal assistant in this matter, including contacting the client, appear to be purely clerical in nature. *See* Pre-Bill Worksheet. Accordingly, the Court will reduce the amount of $8,619.43 set forth in Plaintiff's documentation, *see id.* at 9, by $218.50, the amount billed by the legal assistant in this matter, *see id*.

For these reasons, the Court **GRANTS in part** Plaintiff's motion and awards attorneys' fees and expenses in the amount of $8,400.93.

**SO ORDERED** at Bridgeport, Connecticut, this 5th day of July, 2021.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge